Cooper LAND, Jr. and Mildred MATTHEWS *v.*
ARKANSAS DEPARTMENT OF HEALTH and
ARKANSAS STATE BOARD OF HEALTH

83-283                                          667 S.W.2d 651

Supreme Court of Arkansas
Opinion delivered April 9, 1984
[Rehearing denied May 14, 1984.]

*House, Wallace & Jewell, P.A.*, by: *Charles R. Nestrud*, for appellant.

*Glover, Sanders, Parkerson & Hargraves*, by: *Robert S. Hargraves*, for intervenor.

*Steve Clark*, Atty. Gen., by: *George A. Harper*, Special Asst. Atty. Gen., for appellee

ROBERT H. DUDLEY, Justice. The Highway 70 West Water Improvement District No. 31 of Garland County was formed to distribute water to a rural area west of Lake Hamilton. The record does not reflect whether there were objections to the formation of the District or whether there were objections to assessments, if any, for betterments. In June 1980, the District submitted a preliminary engineering report to the Arkansas Department of Health and, in it, sought approval of the Hot Springs Municipal Water Commission as the supplier of water. The Commission responded that it did not have enough surplus water to supply the needs of the District but an expansion of facilities was contemplated and the water could be supplied at a later date. In anticipation of the expansion program, the Hot Springs Commission and the District began to negotiate but were unable to reach an agreement. The District then submitted to the respondent Health Department an alternate plan for the construction and operation of a water treatment system to be located on the Big Mazarn tributary to Lake Hamilton. The Health Department preferred that the District purchase its water from the Hot Springs Commission. While continuing to encourage the District and the Commission to reach an agreement, the Health Department began a review of the alternative plan and found that it was in compliance with all applicable rules, regulations, and laws, and approved it.

Appellants, Land and Matthews, opposed the alternate plan. Their attorneys corresponded with and submitted information to the Health Department. Eventually, the Health Department approved the alternate plan. Appellants were then granted a hearing before the Arkansas State Board of Health. The respondents, the Health Department and the Board of Health, are assigned by statute the duty of protecting the public health and welfare of the state. See Ark. Stat. Ann. §§ 82-109 and 82-110 (Repl. 1976). The Board approved the alternate plan. Appellants then sought a writ of certiorari in circuit court. There, a full evidentiary hearing was conducted and the trial court held that the Board of Health had not acted arbitrarily since the District and the Hot Springs Commission had been unable to reach an agreement and the alternate plan was in substantial

compliance with all applicable rules and regulations. We affirm. Jurisdiction is in this court under Rule 29(1)(c).

The appellants contend that, as a matter of law, the Health Department cannot approve the Big Mazarn water intake system. They argue that the "Ten States Standards" [for water] is an engineering standard which is incorporated by reference into the rules and regulations of the Department and those standards allow only the best available source of water and, they argue, this eliminates Big Mazarn. The argument is without merit. A rule or regulation, like a statute, is not considered as a reference regulation unless the unequivocal and inflexible import of the terms of the statute manifest the intent that it be considered as such. The only reference to the Ten States Standards is in Section XVIII, the rule requiring a preliminary engineering report before a system is approved. It is as follows:

> Before detailed plans and specifications for new construction or major improvements are prepared, the owner or his authorized agent should submit to the Arkansas Department of Health a preliminary report containing data and information sufficient for the complete understanding of the proposed work. "Ten States Standards" is recommended as a guide.

The section plainly recommends the standards as a guideline for the preparation of the preliminary report. It does not recite a clear intent that the standards be adopted by reference and made a part of the regulations of the Health Department.

Appellants next contend that a federal act, the Safe Drinking Water Act, Pub. L. 93-523, 88 Stat. 1660 (1974), and the implementing regulations, 40 C.F.R. § 142 (1983), are incorporated by reference into the Health Department's regulations and together they mandate that the District obtain its water from the regional distributor, the Hot Springs Commission. One witness testified that the Health Department had adopted the federal act by reference but the regulations do not support his testimony. Section III of the

regulations, in describing the required quality of water, does refer to the National Primary Drinking Water Regulations, which are the standards for water promulgated by the United States government. However, those regulations do not require water from a regional supplier. In addition, even if the Safe Drinking Water Act had been incorporated by reference into the Health Department's regulations, it would not mandate the use of a regional supplier.

The decisions of the Department and of the Board are not clearly erroneous. *See* ARCP Rule 52. Two engineers testified that a sanitary survey was performed and the Big Mazarn site was found to be acceptable. The District's engineer testified that the Hot Springs Commission's rates would be from 38% to 109% higher than the District's proposed rates with the use of the Big Mazarn site.

There is no merit in appellants' argument that they were denied due process.

Affirmed.